IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| FLEXIBLE INNOVATIONS LTD., | § | |
| a Texas Limited Partnership, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Case No. _____ |
| v. | § | |
| | § | |
| IDEAMAX, a California General Partnership, | § | |
| EUGENE LEE, and AEKYUNG LEE, | § | |
| | § | **JURY TRIAL DEMANDED** |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Flexible Innovations Ltd., a Texas Limited Partnership, hereby files its Complaint, by and through its attorneys, against IdeaMax, a California General Partnership, and its partners, Eugene Lee and Aekyung Lee, and/or the Lees Individually, all California residents, for federal trademark infringement, federal and state unfair competition, for false patent marking, and contempt, showing as follows:

## PARTIES AND SERVICE

1.      Plaintiff Flexible Innovations Ltd. is a Texas Limited Partnership with its principal place of business in Fort Worth, Tarrant County, Texas, and is sometimes hereinafter referred to as "Plaintiff FI."

2.      Upon information and belief, Defendant IdeaMax is a California General Partnership owned and operated by Eunchang Lee, also known as Eugene Lee, an individual residing in Irvine, Orange County, California, and Aekyung Lee, an individual also residing in Irvine, Orange County, California.  Defendant IdeaMax is registered in Orange County, California, at 3176 Pullman Street, #109, Costa Mesa, California, with a principal place of

business at 16 Technology Drive, Suite 127, Irvine, California 92618.  Service may be made on

all Defendants by personally delivering summonses and copies of this Complaint to Eugene Lee

and Aekyung Lee at the Technology Drive address pursuant to Rule 4(h)(1)(A) & (e)(2)(A),

Federal Rules of Civil Procedure ("FRCP"), or by personal service under Rule 4(e)(2)(A), FRCP.

Defendant IdeaMax, Defendant Eugene Lee, and Defendant Aekyung Lee are collectively

referred to as "Defendants."

**JURISDICTION AND VENUE**

3.     There is diversity of citizenship and the matter in controversy exceeds the sum or

value of $75,000, exclusive of interest and costs.  Therefore, this Court has jurisdiction under 28

U.S.C. § 1332(a)(1).  Further, this action arises under the Lanham Act, 15 U.S.C. §§ 1114, 1117,

and 1125(a), and 35 U.S.C. § 292(b) for false marking; as such, this Court has jurisdiction under

28 U.S.C. §§ 1331 and 1338(a) & (b).

4.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), in that a

substantial part of the events giving rise to the claims occurred in this District and Division, or in

that this is a jurisdiction in which Defendants or an agent of Defendants may be found under 28

U.S.C. § 1400(a).

5.     This Court has personal jurisdiction over the Defendants because they have been

parties to litigation in this District and Division, without raising any objection to either venue or

personal jurisdiction; entered into a Contract executed in part in this District and Division, taken

illegal actions and sold goods in this District, and these causes of action arise out of such actions.

**BACKGROUND AND FACTS**

6.     Plaintiff FI is the owner of all right, title and interest in and to United States

Trademark Registration No. 3,407,948 for "DIGICLEAN" for "sheet-shaped wiping cloth for

cleaning display screens of car navigation, cellular phones or handheld game machines" (the "DIGICLEAN Mark").  A copy of the "DIGICLEAN" '948 Registration Certificate is attached hereto as Exhibit A.  The '948 Registration is valid, subsisting and incontestable.  Examples of Plaintiff FI's "DIGICLEAN" microfiber display screen cleaning wipes are shown in Exhibit B.

7.     Plaintiff FI is the owner of all right, title and interest in and to United States Trademark Registration No. 2,899,410 registered November 2, 2004, for the mark "EGRIPS" as used for "elastomeric applique for placement onto handheld electronic devices to provide anti-slip and shock absorption" (Exhibit C) and United Trademark Registration No. 3,071,930 as registered on March 21, 2006 for "EGRIPS TECHNOLOGY" as used for "elastomeric anti-slip film for use in creating gripping surfaces" (Exhibit D).  Both the "EGRIPS" and "EGRIPS TECHNOLOGY" marks are valid, subsisting and incontestable.  Examples of Plaintiff FI's "EGRIPS" product are shown in Exhibit E.

8.     Plaintiff FI has at substantial expense developed a fine reputation and good will as associated with its "DIGICLEAN" and "EGRIPS" products, through advertising and marketing of its goods through its websites, namely, www.digiclean.com, www.digicleanpromo.com, www.flexinno.com, www.egrips.com, and www.egripspromo.com.  Plaintiff FI also attends national trade shows, and participates in various industry associations, including, the SAGE Industry Trade Association.  Plaintiff FI has SAGE Member No. 67855.  Plaintiff FI has been a member of SAGE since at least as early as August 2007.

9.     Upon information and belief, Eugene Lee and his wife, Aekyung Lee are the general partners that operate IdeaMax, that own IdeaMax's website www.microclean.net  (see selected pages attached as Exhibit F hereto) and corresponding domain name of microclean.net. Defendants advertise, market, offer for sale, and sell their "MICROCLEAN" adhesive microfiber

display screen cleaning wipes and their "MICROGRIP" non-slip grip in the United States and in the State of Texas and in this District.  See Exhibit F.

10.     Based on trademark infringement and other misconduct by Defendants, Plaintiff FI sued Defendants in this District and Division, Civil Case No. 4:12-CV-00856-A.  Several Orders and Judgments were entered in that case, which are attached hereto as Exhibit G.

11.     Defendants' products which are competitive with Plaintiff FI's products are shown in the attached Exhibit F.  Defendants' "MICROCLEAN" microfiber screen cleaner products are competitive with Plaintiff FI's "DIGICLEAN" products while Defendants' "MICROGRIP" products are competitive with Plaintiff FI's "EGRIPS" products.  Defendants are members of the SAGE Industry Group and have SAGE Member No. 63560.

12.     The SAGE Industry Association maintains a database of information that is provided by each of its members to SAGE.  Each member has sole control over the content that is provided to SAGE and that information is then made accessible to SAGE members (be they suppliers or distributors) through the SAGE database.

13.     Defendants have used the term or mark "DIGICLEAN" as a key word or "meta tag" in the SAGE database.  Such a meta tag is essentially a programing code instruction to the SAGE online search engine.  These keywords or meta tags are normally invisible to the Internet user or searcher on the SAGE database.  As a result, if someone types in "DIGICLEAN" in a search on the SAGE database, the search will result in Defendants' IdeaMax name being displayed along with that of Plaintiff FI (see Exhibit G – SAGE Search).  Following the Defendants' IdeaMax link results in a display of IdeaMax's products, as shown on Exhibit G. Defendants have intentionally misappropriated and unfairly used Plaintiff FI's registered trademark "DIGICLEAN" as one of their keywords, so that anyone searching for

"DIGICLEAN" on the SAGE database is misdirected to advertising of Defendants, rather than being directed solely to Plaintiff FI.

14.     The result of this misdirection is to cause initial interest confusion, or further or alternatively source confusion.

15.     Further, as shown in Exhibit I, Defendants have intentionally placed the word "egrip" [Plaintiff FI's registered trademark is "EGRIPS"] as one of its hidden keywords or meta tags in the SAGE database.  Thus, one searching for "EGRIPS" products of Plaintiff FI may type in "egrip," in which event he may be misdirected to Defendants' "MICROGRIP" products.  (The same misdirection to the "MICROGRIP" products may also occur if "DIGICLEAN" is typed in, as also shown in Exhibit I.)

16.     Aside from the keywords, Defendants are marketing goods, which are competitive of those of Plaintiff FI, as being patented.   Defendants own U.S. Patent 6,613,382, issued September 2, 2003, entitled "Method of Manufacturing a Note Poster" (the "'382 Patent"), a copy of which is attached as Exhibit J.  A review of the '382 Patent reveals that it relates to a "Method for Manufacturing a Note Poster."  Nowhere in the '382 Patent is there any discussion or claims relating to screen cleaning characteristics.  Further, nowhere in the '382 Patent is there any claim directed to a "patented" adhesive gel (see Exhibit F, pages 3, 4, 6, 7, 8).  Nevertheless, Defendants are using in advertising with these unpatented screen cleaning products "the word 'patent' or any word or number importing that the same is patented for purpose of deceiving the public."  35 U.S.C. § 292(a).  Plaintiff FI is suffering competitive injury as a result of this false marking.  In addition to being false marking, this misrepresentation constitutes false advertising.

17.     Further, Defendants' claims to have certain "US Patent Pending" which covers these products, or the particular qualities of the products at issue as to which the "patent

pending" is averred to relate, when, upon information and belief, they do not (see Exhibit F, pages 4, 5, 6).

18.     Also, Defendants are illegally claiming that their mark "MICROCLEANMAX" (Exhibit F, page 3) is a U.S. Registered Trademark, when it is not.

19.     The false patent marking and false advertising by Defendants has continued from and after the date of the Orders and Judgments in the above-referenced prior proceeding in this Court, Civil Case No. 4:12-CV-00856-A (see Exhibit G).

## CAUSES OF ACTION

## COUNT 1—FEDERAL TRADEMARK INFRINGEMENT

20.     The allegations of ¶¶ 6-19 above are hereby incorporated herein by reference.

21.     Under 15 U.S.C. § 1114(1)(a), Defendants have, without the consent of Plaintiff FI, used in commerce a reproduction, counterfeit, copy, or colorable imitation of the DIGICLEAN and EGRIPS marks in connection with the sale, offering for sale, distribution, or advertising of goods or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

22.     Under 15 U.S.C. § 1117, Plaintiff FI seeks Defendants' profits, damages sustained by Plaintiff FI, and costs of this action.  Further, under the circumstances of this case, Plaintiff FI seeks trebling of the actual damages.  Further, if the Court should find that the recovery based on profits is inadequate, Plaintiff FI prays that the Court will in its discretion enter judgment for such a sum as the Court shall find to be just.

23.     Because of the blatant and willful nature of Defendants' infringement, Plaintiff FI submits this is an exceptional case and seeks its reasonable attorneys' fees.

## COUNT 2—LANHAM ACT UNFAIR COMPETITION

24.     The allegations of ¶¶ 6-23 above are hereby incorporated herein by reference.

25.     Under 15 U.S.C. § 1125(a), Defendants have, in connection with goods, used in commerce false or misleading description of facts, or false or misleading representations of facts, which are likely to cause confusion as to the origin, sponsorship, or approval of its goods by another person; or, in commercial advertising or promotion, misrepresented the nature, characteristics, or qualities of its or Plaintiff FI's goods or commercial activities.  Plaintiff FI believes that it is, or is likely to be, damaged by such acts.  Also, Defendants have made false designations of origins of its product with respect to using "DIGICLEAN" and "EGRIPS" as trademarks, thereby identifying its product with Plaintiff FI as a source.

26.     Under 15 U.S.C. § 1117, Plaintiff FI seeks Defendants' profits, damages sustained by Plaintiff FI, and costs of this action.  Further, under the circumstances of this case, Plaintiff FI seeks trebling of the actual damages.  Further, if the Court should find that the recovery based on profits is inadequate, Plaintiff FI prays that the Court will in its discretion enter judgment for such a sum as the Court shall find to be just.

27.     Because of the blatant and willful nature of Defendants' misrepresentations, Plaintiff FI submits this is an exceptional case and seeks its reasonable attorneys' fees.

## COUNT 3—COMMON LAW UNFAIR COMPETITION

28.     The allegations of ¶¶ 6-27 above are hereby incorporated herein by reference.

29.     Defendants have engaged in unfair competition with Plaintiff FI through violations of statutory obligations and/or trade disparagement, thereby, on information and belief, obtaining profits that would otherwise have gone to Plaintiff FI and thereby damaging Plaintiff FI.

30.     Defendants' actions have been actuated by fraud and/or malice.

31.     Plaintiff FI seeks an award of exemplary damages under the provisions of Chapter 41, Texas Civil Practices and Remedies Code.

## COUNT 4—FALSE PATENT MARKING

32.     The allegations of ¶¶ 6-31 above are hereby incorporated herein by reference.

33.     Defendants have falsely marked goods and/or advertising for goods as being patented when the scope of the patent so referenced by Defendants, the '382 Patent, does not cover the goods so marked.

34.     Plaintiff FI is being competitively harmed in commerce by this false marking because the marking tends to persuade customers and potential customers of the products sold by Defendants, marketed and sold competitively with the products marketed and sold by Plaintiff FI, that Defendants' products are superior to those of Plaintiff FI, and that Plaintiff FI's products may be infringing on Defendants' '382 Patent.

35.     Further, the harm to Plaintiff FI is difficult to quantify, and Plaintiff FI has no adequate legal remedy for this harm without injunctive relief to preclude Defendants from any further marking and advertising that Defendants' products are covered by the '382 Patent (or any other patent).  Plaintiff FI's harm is irreparable.

36.     Because of the blatant and willful nature of Defendants' false marking and marketing, Plaintiff FI submits this is an exceptional case and seeks its reasonable attorneys' fees under 35 U.S.C. § 285.

## COUNT 5—CONTEMPT

37.     The allegations of ¶¶ 6-36 above are hereby incorporated herein by reference.

38.     By continuing to use "DigiClean" as a key word or meta tag, Defendants have made "use" of "DigiClean" in association with screen wipes in direct contravention of the Final Judgment as to Permanent Injunction in the prior litigation between these parties, Case No. 4:12-CV-856-A, entered on March 7, 2013 (Exhibit G, page 1).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff FI prays for the following relief:

A.     Preliminary and permanent injunction against further violations of 35 U.S.C. § 292(a) by Defendants, as well as enjoining any future acts of trademark infringement and acts of unfair competition by Defendants against Plaintiff FI, including but not limited to ordering Defendants not to use Plaintiff FI's trademarks in any industry database as a key word or meta tag, nor engage in any advertising, product marking, or representations that any screen cleaning products or adhesive gel of Defendants are covered by the '382 Patent, or any other patent;

B.     Defendants' profits;

C.     Plaintiff FI's damages;

D.     Exemplary damages;

E.     Reasonable and necessary attorneys' fees;

F.     Court costs;

G.     Prejudgment and post-judgment interest; and

H.     Such other or further relief to which Plaintiff FI may be entitled.

## JURY DEMAND

Pursuant to Federal Rules of Civil Procedure, Rule 38(b), Plaintiff FI hereby demands a trial by jury in the above-identified action on all issues so triable.

Dated: May 8, 2014.                    Respectfully submitted,


   */s/ Richard L. Schwartz*
Richard L. Schwartz
Texas Bar No. 17869500
rschwartz@whitakerchalk.com
Lead Counsel in Charge

Thomas F. Harkins, Jr.
Texas Bar No. 09000990
tharkins@whitakerchalk.com

**WHITAKER CHALK SWINDLE
  & SCHWARTZ PLLC**
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102
Phone: (817) 878-0500
Fax: (817) 878-0501

**ATTORNEYS FOR PLAINTIFF
FLEXIBLE INNOVATIONS LTD.**

131187-v2